IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVA WILLIAMS,<br><br>        *Plaintiff*,<br><br>v.<br><br>MEGAN J. BRENNAN, POSTMASTERS GENERAL, UNITED STATES POSTAL SERVICE,[1]<br><br>        *Defendant*. | CIVIL ACTION<br>No. 15-00528 |

**PAPPERT, J.**                                                                                                     May 6, 2016

**MEMORANDUM**

      Plaintiff Ava Williams ("Williams") is a former United States Postal Service ("USPS") mail clerk. After the USPS terminated her employment, she filed this lawsuit alleging discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Section 701 *et seq.* The USPS moves to dismiss Williams's complaint on the grounds that she failed to exhaust her administrative remedies. For the following reasons, the Court grants the motion.

**I.**

      Williams worked for the USPS from June 9, 1984 until March 10, 2012. (Pl.'s Compl. ¶ 13, ECF No. 1.) The USPS hired Williams as a part-time flexible mail clerk and promoted her to a full-time position in July of 1985. (*Id.* ¶ 14.) The USPS stationed her at its 2970 Market Street and 3000 Chestnut Street facilities in Philadelphia. (*Id.*)

      Prior to Williams's employment with the USPS, she was diagnosed with epilepsy. (*Id.* ¶ 16.) Williams's doctor provided medical documentation to the USPS that detailed the nature

---

[1] Megan J. Brennan is the current Postmaster General of the United States Postal Service. Patrick R. Donahoe was the Postmaster General at the time Ava Williams filed her complaint. (Def.'s Mot. to Dismiss at 2 n.1, ECF No. 4.)

1

and extent of her disability, as well as her need for reasonable accommodations. (*Id.* ¶ 19.) Williams requested and received reasonable accommodations for her disability at the Market and Chestnut Street locations. (*Id.* ¶¶ 17–18, 20.)

The USPS eventually required Williams and other employees to rebid for their positions. (Def.'s Mot. to Dismiss ("Def.'s Mot."), Ex. A at 8, ECF No. 4.) Williams failed to obtain a position and on May 27 and June 30, 2010 the human resources department notified Williams that she would be reassigned. (*Id.*; Pl.'s Compl. ¶ 22.) In July of 2010 Williams contacted an Equal Employment Opportunity ("EEO") counselor regarding her reassignment, believing that it violated her right to reasonable accommodations under the Americans with Disabilities Act. (Pl.'s Compl. ¶ 23; Def.'s Mot., Ex. A at 1.) On July 24, 2010 Williams filed an informal complaint that included medical documentation and other paperwork (the "First EEO Action"). (Pl.'s Compl. ¶¶ 24–26; Def.'s Mot., Ex. A at 1, 11.) The USPS in turn provided Williams with a notice to file a formal complaint. (Def.'s Mot., Ex. B at 2–5.) She never did so and the matter was closed without investigation. (*Id.*; Pl.'s Compl. ¶ 30.)

In September of 2010 the USPS reassigned Williams to another facility. (Def.'s Mot., Ex. C at 17–19.) She protested the move, claiming she would not be provided reasonable accommodations at the new facility. (*Id.*) Williams received a letter on or about January 11, 2012 which stated that she could apply for disability retirement, resign from the USPS and seek reemployment at a later date, request reassignment to another position or return to her current position with no medical restrictions. (Pl.'s Compl. ¶ 31.)

On March 10, 2012, the USPS terminated Williams for failure to meet attendance requirements. (*Id.* ¶¶ 33–34; Def.'s Mot., Ex. C at 49–51.) Williams's removal letter stated in pertinent part that she "failed to provide documentation or an acceptable explanation to support

[her] absence . . . failed to apply for disability retirement, resign, request reassignment in another craft, or return to work in [her] position, as instructed." (Pl.'s Compl. ¶ 34.) Her removal became effective April 10, 2012. (Def.'s Mot., Ex. C at 49–51.)

Williams again contacted an EEO counselor on May 1, 2012 (the "Second EEO Action"). (*Id.* at 48–58.) She contended that her removal was discriminatory and that a reasonable accommodations request she made on April 6, 2012 went unanswered. (*Id.*; Pl.'s Compl. ¶ 35.) Williams was represented by counsel at this time. (Pl.'s Compl. ¶ 29; Def.'s Mot., Ex. C at 53–54.) On July 30, 2012 William Batcheller ("Batcheller"), an EEO Alternative Dispute Resolution Specialist, informed Williams and her counsel that the USPS processed her informal complaint and that she could file a formal complaint. (Def.'s Mot., Ex. C at 34–48.) Batcheller's letter stated that Williams was required to file the formal complaint within 15 days and send it to "NEEOISO-Formal Complaint, U.S. Postal Service, P.O. Box 21979, Tampa, Florida 33622" and that failure to do so could result in the dismissal of her claim. (*Id.* at 36.) Williams's counsel received and signed for the correspondence on July 31, 2012, while Williams did the same on August 1, 2012. (*Id.* at 40–45.)

On August 15, 2012, Williams mailed her formal complaint to Batcheller in Philadelphia instead of to the P.O. Box in Tampa, Florida. (*Id.* at 23–25; Pl.'s Compl. ¶¶ 5, 7.) Batcheller forwarded Williams's complaint to the proper address on August 17, 2012. (Def.'s Mot., Ex. C at 26.) On September 5, 2012 the USPS dismissed Williams's complaint as untimely. (*Id.* at 12–26.) The dismissal noted that Williams received Batcheller's letter on July 31, 2012, while the envelope sent to the P.O. Box in Tampa was postmarked August 17, 2012. (*Id.*)

Williams appealed the dismissal of her formal complaint to the Office of Federal Operations, Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 7–9.) The EEOC

3

found that Williams sent the complaint to the incorrect address on August 15, 2012 and on December 19, 2013 upheld its dismissal. (*Id.*) Williams filed a request for reconsideration, which the EEOC denied on November 7, 2014. (*Id.*)

The EEOC issued Williams a right to sue notice on November 7, 2014. (Pl.'s Compl. ¶ 4.) She filed her lawsuit *pro se* on February 4, 2015—within ninety days of receipt of the notice. (*Id.*) Williams alleges that the USPS's actions in failing to engage in an interactive discussion concerning her disability, provide her reasonable accommodations and terminating her on March 10, 2012 constitute separate violations of the Rehabilitation Act of 1973. (Pl.'s Compl. ¶¶ 36–37.)

The USPS filed its motion to dismiss on June 30, 2015. (ECF No. 4.) On August 26, 2015 the Court ordered Williams to show cause by September 14, 2015 why the motion should not be deemed unopposed. (ECF No. 5.) The Court then granted Williams's request to extend to September 28, 2015 the deadline for her response. (ECF No. 6.) On September 29, 2015, after Williams failed to respond but requested a lawyer, the Court referred her case to our Court's Plaintiff's Employment Panel. (ECF No. 7.) No attorney chose to represent Williams who attended the November 17 Rule 16 conference without counsel. (ECF No. 9.) The next day the Court ordered that Williams had until January 18, 2016 to retain counsel or respond to the USPS's motion or the Court would treat the motion as uncontested under Local Rule 7.1(c). (ECF No. 10.) On January 22, 2016 the Court appointed counsel from the Employment Panel and he responded to the motion on February 29, 2016. (ECF Nos. 12, 20.) The USPS replied a week later. (ECF No. 22.)

## II.

A motion contending a plaintiff failed to exhaust administrative remedies is made pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 127 (3d Cir. 2014); *Anjelino v. New York Times Co.*, 200 F.3d 78, 87 (3d Cir. 2000); *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation and internal quotation marks omitted). Speculative and conclusory statements are not enough. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim

for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

### III.

Williams may only bring an action for disability discrimination against the USPS under the Rehabilitation Act of 1973 ("the Act"). *See, e.g.*, *Gillette v. Donahoe*, 622 F. App'x 178, 180 n.2 (3d Cir. 2015); *Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995); *Slingland v. Donahoe*, No. 11-04591, 2012 WL 4473231, at *3 (E.D. Pa. Sept. 27, 2012). She must also exhaust her administrative remedies prior to suing in federal court. *See Haines v. Adm'r, U.S. Fed. Transit Admin.*, 579 F. App'x 63, 65 (3d Cir. 2014); *see also Spence*, 54 F.3d at 202–03. Williams needed to follow a statutory process to comply with the exhaustion requirement: She was required to consult with an EEO counselor within 45 days of any discriminatory event. 29 C.F.R. § 1614.105(a); If the matter could not be informally resolved, she had to file a formal EEO complaint "within 15 days of receipt of the notice" of the right to file a complaint. 29 C.F.R. § 1614.106(b); Since Williams was then represented by counsel, the 15-day deadline was computed from the date the notice was received by her attorney. 29 C.F.R. § 1614.605(d). Failure to exhaust administrative remedies is grounds for dismissal of a complaint. *See Donovan v. Henderson*, 45 F. App'x. 178, 179 (3d Cir. 2002). Williams succeeded in filing a complaint under the Act, but failed to exhaust her administrative remedies.

Specifically, Williams failed to exhaust administrative remedies for the events that were the subject of her First EEO Action. She chose not to file a formal complaint, which is a condition precedent to filing suit in federal court relating to those events.[2] She also did not

---

[2] Williams, for the first time, argues in her response to the USPS's motion that she never received a notice to file a formal complaint in the First EEO Action. (Pl.'s Opp. at 6.) The USPS, however, provided proof that the notice was mailed, which is sufficient to rebut any allegation to the contrary. *See Vazquez v. Caesar's Paradise Stream Resort*,

exhaust her administrative remedies for any events that occurred between her First and Second EEO Actions, as she failed to seek EEO counseling within 45 days of any event that occurred during that time frame. As to the claims that emanate from her Second EEO Action, she failed to exhaust administrative remedies because she did not file a formal complaint within 15 days of receiving Batcheller's notice.[3]

Williams argues that her First and Second EEO Actions should be subject to equitable tolling and therefore deemed timely. (Pl.'s Opp. to Def.'s Mot. ("Pl.'s Opp.") at 5–7, ECF No. 20.) She correctly acknowledges that equitable tolling is a remedy "sparingly granted." (Pl.'s Opp. at 5.) The Supreme Court of the United States has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Third Circuit Court of Appeals has primarily applied equitable tolling in three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her own rights; [or] (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (citations omitted). A plaintiff must also demonstrate that he "exercise[d] due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96; *see also Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). According to the

---

524 F. App'x 831, 832 (3d Cir. 2013); *Edwards v. Bay State Mill Co.*, 519 F. App'x 746, 748 (3d Cir. 2013); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

[3] The USPS also contends that Williams failed to contact an EEO counselor within 45 days, as she received her termination letter on March 14, 2012 and contacted an EEO counselor on May 1, 2012—46 days after the alleged discriminatory event. (Def.'s Mot. at 8–9.)

Third Circuit, "courts must be sparing in their use of equitable tolling." *Seitzinger*, 165 F.3d at 239.

Williams offers no facts that merit the application of equitable tolling to her claims. She does not argue that she was misled by the USPS[4] or that she was in some "extraordinary way" prevented from meeting the filing deadlines. Williams does contend that she "timely" filed but mistakenly did so in the wrong forum—Philadelphia instead of Tampa. (Pl.'s Opp. at 6–7.) While Williams is correct that her complaint arrived at Batcheller's office in Philadelphia within 15 days, it did not arrive at the P.O. Box in Tampa until after the 15-day deadline had passed. Batcheller's letter to Williams stated that she was required to file her formal complaint within 15 days and send it to the P.O. Box in Tampa. (Def.'s Mot., Ex. C at 36.) Moreover, the letter warned Williams that failure to do so could result in the dismissal of her claim. As Williams's complaint did not arrive at the P.O. Box in Tampa within the 15-day time period, she did not comply with 29 C.F.R. § 1614.106(b) and therefore failed to exercise due diligence and exhaust her administrative remedies. While this may be a harsh result, the Third Circuit has held that a complaint filed "even one day late is time-barred." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Williams and her attorney failed to meet several statutorily-defined deadlines that are a prerequisite to filing suit in federal court. Her complaint must be dismissed for failure to exhaust administrative remedies. *See, e.g.*, *McLean v. Abington Mem'l Hosp.*, No. 15-671, 2015 WL 5439061, at *9 (E.D. Pa. Sept. 15, 2015) (dismissing plaintiff's complaint for failure to exhaust administrative remedies as the alleged discriminatory event occurred more than 300 days before her EEOC filing); *A.S. v. William Penn Sch. Dist.*, No. 13-4763, 2014 WL 1394964, at *5 (E.D.

---

[4] If anything, the USPS assisted Williams by forwarding her formal complaint to the proper address. (Def.'s Mot., Ex. C at 26.)

Pa. Apr. 10, 2014) (dismissing plaintiff's complaint for failure to exhaust administrative remedies as claims were never addressed at the administrative level); *Filipovitis v. U.S. Postal Serv.*, No. 11-3355, 2013 WL 1809437, at *4 (E.D. Pa. Apr. 29, 2013) (dismissing plaintiff's complaint for failure to exhaust administrative remedies prior to filing the action).

**IV.**

District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "Futility" means the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Williams's response seeks leave to amend. (Pl.'s Opp. at 7–8.) Unfortunately for Williams, any proposed amendment of the complaint would be futile. *See Gadling-Cole v. West Chester Univ.*, 868 F. Supp. 2d 390, 401 (E.D. Pa. 2012). Williams failed to exhaust her administrative remedies prior to filing suit in federal court and no amendment can change this fact. Any amendment would therefore be futile and the complaint is dismissed with prejudice.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.